IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN RANDHAVA<br><br>    Appellant,<br><br>v.<br><br>RICHARD C. PETERSON.,<br><br>    Appellee. | ) BANKRUPTCY APPEAL<br>)<br>)<br>)<br>)  No. 06 C 4865<br>)<br>) Bankruptcy Case No. 05 B 38534<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Debtor-appellant Susan B. Randhava appeals the order of the Bankruptcy Court for the Northern District of Illinois ("bankruptcy court") denying her "Motion for Order Authorizing Circuit Court Judge to Rule on Debtor's Motion for New Trial." For the reasons stated herein, I affirm the judgment of the bankruptcy court.

I.

In August 1996, appellee Richard C. Peterson filed a lawsuit against Randhava and other individuals in the Circuit Court of Cook County, Illinois. *Peterson v. Randhava*, No. 96 CH 8184, redocketed as No. 00 CH 10982. The lawsuit concerned a real estate transaction. Peterson sought recovery against Randhava for breach of fiduciary duty (Count I) and a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (Count IV), 815 ILCS 505/1 et seq. On March 15, 2005, a jury returned a verdict in favor of Peterson in the amount of $150,000. On April 29, 2005, Randhava filed a motion for a judgment notwithstanding

the verdict and a motion for directed verdict on Count IV. The circuit court denied both motions. Peterson subsequently filed a petition for attorneys' fees ("the petition"), which are recoverable under the ICFA.

Randhava filed for bankruptcy under Chapter 11 of the Bankruptcy Code on September 20, 2005. On January 18, 2006, the bankruptcy court issued an order modifying the automatic stay to permit the circuit court to complete the adjudication of Peterson's petition. The circuit court conducted an evidentiary hearing on the merits of the petition on March 14, 2006 and, after additional briefing, awarded Peterson $95,136.58 in attorneys' fees and costs.

Randhava filed a motion for a new trial on June 2, 2006, alleging the discovery of new evidence. It alleged that on June 1, 2006, counsel for Randhava discovered that Barry Seltzer, the son of the purchasers of Peterson's former property, had been disciplined by the Illinois Supreme Court.[1] Seltzer had misrepresented the purchase price of the property to his parents' lender and submitted a false affidavit to the parties at the closing of the sale. Randhava did not dispute she had copies of this Seltzer affidavit well before trial, instead claiming she could have impeached Peterson's trial testimony concerning the value of the property at issue, and would have changed the jury's

---

[1] The Illinois Supreme Court had suspended Seltzer from the practice of law for sixty days on November 22, 2005.

verdict. The circuit court declined to rule on the motion due to the bankruptcy proceedings and on June 19, 2006, Randhava filed a motion in the bankruptcy court titled "Motion for Order Authorizing Circuit Court Judge to Rule on Pending Motion" ("the motion"). In the motion, RANDHAVA stated "[n]ew evidence has come to light that demonstrates a material witness testified falsely during trial. It is likely that this new evidence might change the result upon retrial." (Mot. at ¶ 2.) Attached to the motion was the actual motion for a new trial filed in the circuit court, but without the exhibits. Peterson filed a response arguing that Randhava had been aware that Seltzer was a potential witness in the case as early as November 1997 as a result of certain witness depositions, that Seltzer's role in the litigation was minor, and questioning the admissibility of the "new evidence" on hearsay grounds. The bankruptcy court denied the motion.

Randhava later filed a motion to reconsider, attaching an affidavit by Terrence J. Madden - Randhava's attorney in the Peterson litigation. In this affidavit, Madden concedes that he is the person that filed the ARDC complaint against Barry Seltzer in August of 2003. Madden claims that at the time he was unaware the Seltzer falsely represented the sale price of the property and he did not discover the outcome of the disciplinary proceedings against Seltzer until immediately prior to filing the motion for a new trial before the circuit court (approximately 7 months after

3

the Illinois Supreme Court imposed the sanctions that constituted the new evidence). The bankruptcy court denied the motion for reconsideration.

II.

Pursuant to 28 U.S.C. § 158(a)(1), Randhava appeals the bankruptcy court's decision to deny the motion. Appellant first argues the bankruptcy court exceeded its authority in denying the motion at issue here because the discretion to grant a new trial rested only with the circuit court. Specifically, Randhava argues the motion before the bankruptcy court was simply a formality, filed as a result of the circuit court's refusal to entertain the motion for a new trial in the absence of an order from the bankruptcy court. To put it mildly, this argument betrays itself. As the movant, Randhava is not in a strong position to argue the motion should not have been ruled on in the first place. Not surprisingly, Randhava never asserted the argument that the bankruptcy court did not have the authority to rule on the motion she had filed in the bankruptcy court. At a minimum, this constitutes a waiver of such argument. See McKinney v. Indiana Michigan Power Co., 113 F.3d 770, 773 (7th Cir. 1996). Moreover, the bankruptcy court's order modifying the automatic stay was limited to the adjudication of the petition for attorneys' fees. (Appellant's Brief, Exh. B.) Consistent with the bankruptcy court's order permitting the adjudication of the petition, the

circuit court refused to rule on the motion for a new trial. In effect, Randhava's motion sought another lift of the automatic stay, which the bankruptcy court was authorized to deny for lack of cause under 11 U.S.C. § 362(d)(1). *See In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991).

Randhava also challenges the bankruptcy court's decision on the merits of the motion. A bankruptcy court's decision on a motion for relief from stay is reviewed for an abuse of discretion. *In re McGaughey*, 24 F.3d 904, 906-07 (7th Cir. 1994). Under this standard, reversal is appropriate only if no reasonable person could agree with the court. *See Tobel v. City of Hammond*, 94 F.3d 360, 362 (7th Cir. 1996). In violation of the Federal Rules of Bankruptcy procedure, appellant in this case has failed to provide a transcript of the hearings in which the bankruptcy court issued its reasons for denial. FED. R. BANKR. P. R. 8006, 8009; *See In re Thompson*, 140 B.R. 979, 982 (N.D. Ill. 1992) ("The burden of providing the bankruptcy appellate court (which in this district is initially the district court) with an adequate record on appeal is squarely on the appellant."). However, it is clear from the rest of the record that has been submitted, as well as appellant's briefs, that she cannot establish an abuse of discretion. First, it is clear that appellant's counsel did not "discover" the evidence in the sense that is required in order to warrant a new trial in circuit court. *See In re Marriage of Wolf*, 355 Ill. App.

5

3d 403, 412, 822 N.E.2d 596, 605-06 (Ill. App. Ct. 2005) (party seeking new trial on grounds of discovery of evidence must show due diligence). By counsel's own admission, he was the person responsible for filing the ARDC complaint against Seltzer. Randhava cannot, in turn, argue lack of notice of this information or that there was due diligence. Moreover, as indicated by Peterson's response to the initial motion, appellant actually asserted privilege in the circuit court over, essentially, the "new evidence" it claims to have discovered. Randhava asserted a privilege with respect to the production of any documents relating to Seltzer's ARDC proceedings. The bankruptcy court properly denied the motion, as it was patently frivolous.[2]

### III.

For these reasons, the bankruptcy court's order denying Randhava's motion is affirmed.

ENTER ORDER:

*Elaine L. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: December 5, 2006

---

[2] Randhava's initial brief argued that the bankruptcy court violated the *Rooker-Feldman* doctrine by ruling on her motion. Appellee pointed out in his brief that this argument had been waived. Randhava abandoned this argument in her reply brief. Accordingly, I do not consider the merits of such argument.